THE STATE OF IOWA, Appellee, v. F. J. KEALY, Appellant.

Obtaining Money by False Pretenses: SUFFICIENCY OF INDICTMENT. An indictment for obtaining money upon false pretenses charged that the defendant induced certain persons to pay him a certain sum for a note, by representing to them that he was the owner of it, and that it was genuine; that such representations were false, and shown by the defendant to be false, and that the note was a forgery. The indictment contained a copy of the note, from which it appeared that the first part of it was in the ordinary form of a negotiable note, payable to the order of the S. M. Company, and that this was followed by a stipulation that it was given as a conditional settlement for a certain sewing machine, and was subject to the approval of the S. M. Company, and that the note was endorsed "S. M. Company, by F. W. C., Agent." The indictment was demurred to on the ground that the note was but a conditional contract, and never became binding by the approval of the S. M. Company, and hence the purchasers took nothing by the purchase, whether the note was genuine or forged, and that they were not defrauded. *Held*, that the indictment was sufficient.

*Appeal from Jones District Court.*—HON. J. D. GIFFEN, Judge.

SATURDAY, OCTOBER 7, 1893.

INDICTMENT for obtaining money by false pretenses. The defendant demurred to the indictment, and, the demurrer being overruled, elected to stand upon his demurrer; whereupon judgment was entered against him, from which he appeals, and assigns as error the overruling of his demurrer.—*Affirmed*.

*John S. Welch*, for appellant.

*John Y. Stone*, Attorney General, and *Thos. A. Cheshire*, for the State.

GIVEN, J.—The charge in the indictment is, in substance, this: That the defendant, for the purpose of inducing G. W. & G. L. Lovell to purchase and pay to him twenty-eight dollars for the promissory note set out, represented to them that he was the owner of said note; that it was the true and genuine note of Joseph Lawrence, and was unpaid; that said G. W. & G. L. Lovell were induced by said representations to pay to the defendant twenty-eight dollars in money for said promissory note; that in truth and in fact the defendant was not the owner of said note, and had no interest therein; that it was not the note of Joseph Lawrence, and did not bear his signature, but was a forgery; all of which the defendant at the time well knew. The promissory note as set out in the indictment is as follows:

"$30.                    NOVEMBER 28, 1891.

"For value received, on or before the first day of July, 1892, I, the undersigned, of the town of Prairieburg, county of Linn, state of Iowa, promise to pay to the order of the Singer Manufacturing Co., thirty dollars, payable at Monticello, Iowa, with interest at seven per cent. from date, and current exchange, and charges when collected by express companies, and with

ten per cent. fees if the same is collected by attorney. And it is agreed that this note shall be due on demand, if the maker attempts to move out of said county. This note is received as a conditional settlement for a Singer sewing machine, No. 9,133,502, and subject to the approval of the Singer Manufacturing Company, Chicago, Ill.      [Signed]      J. LAWRENCE,
                                    "Postoffice, Prairieburg.

"No credits allowed on this note unless indorsed by the Singer Manufacturing Co. No contract not on the face of this note, or contrary to its general conditions, will be accepted by this company."

On the back of said note appeared the following indorsement: "The Singer Manufacturing Co. By F. W. Clark, Agent."

The grounds of the appellant's contentions, as presented in the demurrer and in argument, are as follows: His first claim is that the instrument is but a conditional contract, and created no liability, was not negotiable, or of any value, until approved by the Singer Manufacturing Company; that, as no such approval is alleged to have been made, or represented to have been made, the Lovells took nothing by the purchase, whether the instrument was true or forged, and hence were not defrauded. The argument ignores two very important facts appearing on the indictment, that is, that the fraud upon the Lovells was in what was obtained from them, rather than in what was given to them; and that the note purports to bear the indorsement of the Singer Manufacturing Company, by F. W. Clark, agent. If the note was genuine it would hardly be claimed that, after thus indorsing it, and putting it into circulation, the company, or anyone for it, would be heard to say that it was not approved. By the approval, the note, if genuine, became a binding obligation, and negotiable by indorsement. The note presented by the defendant for sale purported to be all this, and showed no

usual conditions to destroy its negotiability.    The judgment of the district court was clearly correct, and is, therefore, AFFIRMED.